NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STACEY KING,

       Plaintiff - Appellant,

 v.

CITY OF LAS VEGAS METROPOLITAN
POLICE DEPARTMENT; ALEJANDRA
ZAMBRANO; LARRY HADFIELD; JOE
LOMBARDO,

       Defendants - Appellees.

No. 24-4034

D.C. No.
2:20-cv-00055-ART-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted March 31, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Stacey King appeals pro se from the district court's summary judgment

order and its imposition of discovery sanctions. Because the parties are familiar

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo and the imposition of discovery sanctions for an abuse of discretion. *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 808 (9th Cir. 2019). We "afford district courts particularly wide latitude to impose discovery sanctions, and will not reverse absent a definite and firm conviction that the district court committed a clear error of judgment." *Id.* at 821 (cleaned up). We affirm.

1.    The district court properly granted summary judgment on King's First Amendment retaliation claim. Even viewing the evidence in a light most favorable to King, he failed to raise a genuine dispute of material fact that Zambrano and Hadfield were involved in perpetrating the alleged constitutional violations. *See Capp v. Cnty. Of San Diego,* 940 F.3d 1046, 1053 (9th Cir. 2019) (holding that a First Amendment retaliation claim requires a plaintiff to show that defendants' "actions would chill a person of ordinary firmness from continuing to engage in the protected activity").[1]

---

[1]    Although King contends that the district court improperly granted summary judgment *sua sponte* in favor of the Las Vegas Metropolitan Police Department ("the Department") and an Unnamed Officer, he is mistaken about the case's procedural history. The district court dismissed King's claim under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), against the Department with leave to amend. King did not amend his complaint to replead a claim against the

2                                                    24-4034

2. The district court did not abuse its discretion by affirming the magistrate judge's order sanctioning King for Defendants' attorney's fees and costs associated with their motion to extend discovery, Ms. King's interpreter and deposition, and the motion for sanctions. *See Ingenco Holdings, LLC*, 921 F.3d at 821. The district court found no clear error in the magistrate judge's findings that King's refusal to stipulate to a discovery extension was in bad faith and "unreasonably multiplied the proceeding," warranting sanctions. Because there was a causal link between King's misbehavior and Defendants' legal fees, the district court did not abuse its discretion in sanctioning King for Defendants' motion to extend discovery. *See Lu v. United States*, 921 F.3d 850, 860 (9th Cir. 2019).

And the district court did not abuse its discretion by affirming the magistrate judge's determination that Ms. King did not need an interpreter for her deposition. In doing so, the district court cautioned that there may be "some scenarios where an individual conversant in English may still require an interpreter," but concluded that this was not one of those cases. Although there is some conflicting evidence regarding whether Ms. King required a translator for her deposition, we cannot say the district court "committed a clear error in judgment" given the "wide latitude"

Department. And because King never disclosed the identity of, nor served, the Unnamed Officer, that individual was never a party to the case. *See Moylan v. AMF Overseas Corp., S.A.*, 354 F.2d 825, 827 (9th Cir. 1965).

3                                                                              24-4034

district courts are afforded to impose discovery sanctions. *Ingenco Holdings, LLC*, 921 F.3d at 821 (cleaned up).

**AFFIRMED.**